IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | JUNE BAILEY, | BANKRUPTCY CASE NO. 16-70078 |
| | | CHAPTER 13 |
| | Debtor | Conciliation Date: November 17, 2016@10:00AM |
| | JUNE BAILEY, | Related Document No.: 23 |
| | Movant | |

vs.

RONDA J. WINNECOUR, Chapter 13 Trustee

       Respondent
:

### NOTICE OF PROPOSED MODIFICATION TO CONFIRMED PLAN DATED February 11, 2016

1.    Pursuant to 22 U.S. C §1329, the Debtor has filed an Amended Chapter 13 Plan dated October 6, 2016. Pursuant to the Amended Chapter 13 Plan, the Debtor seeks to modify the confirmed Plan in the following particulars:

    Plan payment increased from $870.00 to $1,461.00 monthly.

2.    The proposed modification to the confirmed Plan will impact the treatment of the claims of the following creditors, and in the following particulars:

    The secured creditors and municipal liens will be paid in full during the course of the plan. The unsecured creditors are unaffected.

3.    Debtor submits that the reason for the modification is as follows:

    Monthly payments at the current level are insufficient to meet the goals of the plan.

4.    The Debtor submits that the requested modification is being proposed in good faith, and not for any means prohibited by applicable law. The Debtor further submits that the proposed modification complies with 11 U.S.C. §§1322(a), 1322(b), 1325(a) and 1329 and, except as set forth above, there are no modifications sought by way of the Amended Chapter 13 Plan.

    WHEREFORE, the Debtor respectfully requests that the Court enter an Order confirming the Amended Chapter 13 Plan, and for such other relief the Court deems equitable and just.

        Respectfully Submitted, this 5th day of October, 2016

By:/s/<u>Joseph E. Fieschko, Jr.</u>
Joseph E. Fieschko, Jr., Esquire
PA I.D.#28797
Fieschko and Associates, Inc.
Suite 2230
436 Seventh Avenue
Pittsburgh, PA  15219
412-281-2204
FAX 412-338-9169
joe@fieschko.com

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

Bankruptcy Case Number 16-70078

Debtor#1:  June Marie Bailey                              Last Four (4) Digits of  SSN: 4862

Debtor#2:                                                              Last Four (4) Digits of  SSN:
*Check if applicable*      X □  **Amended Plan**       □ **Plan expected to be completed within the next 12 months**

### CHAPTER 13 PLAN DATED October 6, 2016
### COMBINED WITH CLAIMS BY DEBTOR PURSUANT TO RULE 3004

*UNLESS PROVIDED BY PRIOR COURT ORDER THE OFFICIAL PLAN FORM MAY NOT BE MODIFIED*

**PLAN FUNDING**
Total amount of $1,461.00  per month for a plan term of  60 months shall be paid to the Trustee from future earnings as follows:

| Payments: | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $_____ | $1,461.00 | $_____ |
| D#2 | $_____ | $_____ | $_____ |
| (Income attachments must be used by Debtors having attachable income) | | | (SSA direct deposit recipients only) |

Estimated amount of additional plan funds from sale proceeds, etc.: $100,000.00
The Trustee shall calculate the actual total payments estimated throughout the plan.
The responsibility for ensuring that there are sufficient funds to effectuate the goals of the Chapter 13 plan rests with the Debtor.

**PLAN PAYMENTS TO BEGIN**:  no later than one month following the filing of the bankruptcy petition.

**FOR AMENDED PLANS**:
   i.   The total plan payments shall consist of all amounts previously paid together with the new monthly payment for the remainder of the plan's duration.
   ii.  The original plan term has been extended by 0 months for a total of 60 months from the original plan filing date;
   iii. The payment shall be changed effective November 1, 2016.
   iv.  The Debtor (s) have filed a motion requesting that the court appropriately change the amount of all wage orders.

The Debtor agrees to dedicate to the plan the estimated amount of sale proceeds: $100,000.00 from the sale of this property (describe) 481 Main Street, Acosta, PA.  All sales shall be completed by December 1, 2017. Lump sum payments shall be received by the Trustee as follows: upon closing.
Other payments from any source (describe specifically) _____ shall be received by the Trustee as follows: _____.

**The sequence of plan payments shall be determined by the Trustee, using the following as a general guide:**

   *Level One:*    Unpaid filing fees.
   *Level Two:*   Secured claims and lease payments entitled to Section 1326 (a)(1)(C) pre-confirmation adequate   protection payments.

*Level Three:*  Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and post-petition utility claims.
*Level Four:*   Priority Domestic Support Obligations.
*Level Five:*   Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears.
*Level Six:*    All remaining secured, priority and specially classified claims, miscellaneous secured arrears.
*Level Seven:*  Allowed general unsecured claims.
*Level Eight:*  Untimely filed unsecured claims for which the Debtor has not lodged an objection.

1. **UNPAID FILING FEES**  $0

Filing fees: the balance of $0 shall be fully paid by the Trustee to the Clerk of Bankruptcy Court from the first available funds.

**PAWB Local Form 10 (07/13)**                                                                                                                  Page 1 of 6

2. **PERSONAL PROPERTY SECURED CLAIMS AND LEASE PAYMENTS ENTITLED TO PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS UNDER SECTION 1326 (a)(1)(C)**

*Creditors subject to these terms are identified below within parts 3b, 4b, 5b or 8b.* Timely plan payments to the Trustee by the Debtor(s) shall constitute compliance with the adequate protection requirements of Section 1326 (a)(1)(C). Distributions prior to final plan confirmation shall be made at Level 2. Upon final plan confirmation, these distributions shall change to level 3. Leases provided for in this section are assumed by the Debtor(s).

**3(a). LONG TERM CONTINUING DEBTS CURED AND REINSTATED, AND LIEN (if any) RETAINED**

| Name of Creditor (include account #) | Description of Collateral (Address or parcel ID of real estate, etc.) | Monthly Payment (If changed, state effective date) | Pre-petition arrears to be cured (w/o interest, unless expressly stated) |
|---|---|---|---|
| None. | | | |
| | | | |
| | | | |

3(b). *Long term debt claims secured by PERSONAL property entitled to §1326 (a)(1)(C) preconfirmation adequate protection payments:*

| | | | |
|---|---|---|---|
| None | | | |

4. **SECURED CLAIMS TO BE PAID IN FULL DURING TERM OF PLAN, ACCORDING TO ORIGINAL CONTRACT TERMS, WITH NO MODIFICATION OF CONTRACTUAL TERMS AND LIENS RETAINED UNTIL PAID**

4(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata" but instead, state the monthly payment to be applied to the claim):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance Of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| Nationstar Mortgage, LLC 0621475706 | 481 Main Street Acosta, PA | $530.00 | $90,227.65 | 7.57% |
| | | | | |
| | | | | |

4(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance Of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| None | | | | |

5. **SECURED CLAIMS TO BE FULLY PAID ACCORDING TO MODIFIED TERMS AND LIENS RETAINED**

5(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim)*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
| None | | | | |
| | | | | |

**PAWB Local Form 10 (07/13)**                                                                                    **Page 2 of 6**

5(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
| None | | | | |

**6. SECURED CLAIMS NOT PAID DUE TO SURRENDER OF COLLATERAL; SPECIFY DATE OF SURRENDER**

**7. THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIENS OF THE FOLLOWING CREDITORS:**

| Name the Creditor and identify the collateral with specificity. | Name the Creditor and identify the collateral with specificity. |
|---|---|
| None | None |
| | |
| | |

**8. LEASES. Leases provided for in this section are assumed by the debtor(s). Provide the number of lease payments to be made by the Trustee.**

8(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
| None | | | |
| | | | |

8(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
| None | | | |

**9. SECURED TAX CLAIMS FULLY PAID AND LIENS RETAINED**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest * | Identifying Number(s) if Collateral is Real Estate | Tax Periods |
|---|---|---|---|---|---|
| Jenner Area Joint Sewer Authority | $789.00 | Sewer bill | 0 | 481 Main Street Acosta, PA | 2009-2016 |

|  |  |  |  |  |  |
|--|--|--|--|--|--|
|  |  |  |  |  |  |

\* *The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and County of Allegheny shall bear interest at the statutory rate in effect as of the date of confirmation of the first plan providing for payment of such claims.*

**PAWB Local Form 10 (07/13)**                                                                                                        **Page 3 of 6**

**10. PRIORITY DOMESTIC SUPPORT OBLIGATIONS:**
If the Debtor (s) is currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the Debtor (s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders. If this payment is for prepetition arrearages only, check here: ☐  As to "Name of Creditor," specify the actual payee, e.g. PA SCDU, etc.

| Name of Creditor | Description | Total Amount of Claim | Monthly Payment or Prorata |
|--|--|--|--|
| None |  |  |  |
|  |  |  |  |

**11. PRIORITY UNSECURED TAX CLAIMS PAID IN FULL**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest (0% if blank) | Tax Periods |
|--|--|--|--|--|
| LTMA | $416.32 | Water bill | 0 | 2014, 2015 |
| PAMS | $679.00 | Per Capita/Occupation tax | 0 | 2004-2015 |
|  |  |  |  |  |
|  |  |  |  |  |

**12. ADMINISTRATIVE PRIORITY CLAIMS TO BE FULLY PAID**
   a.   Percentage fees payable to the Chapter 13 Fee and Expense Fund shall be paid at the rate fixed by the United States Trustee.
   b.   Attorney fees are payable to Joseph E. Fieschko Jr. In addition to a retainer of $1,200.00 already paid by or on behalf of the Debtor, the amount of $2,800.00 is to be paid at the rate of $100.00 per month. Including any retainer paid, a total of $_____ has been approved pursuant to a fee application. An additional $_____ will be sought through a fee application to be filed and approved before any additional amount will be paid thru the Plan.

**13. OTHER PRIORITY CLAIMS TO BE PAID IN FULL**

| Name of Creditor | Total Amount of Claim | Interest Rate (0% if blank) | Statute Providing Priority Status |
|--|--|--|--|
| None |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**14. POST-PETITION UTILITY MONTHLY PAYMENTS.** This provision completed only if utility provider has agreed to this treatment.

These payments comprise a single monthly combined payment for post-petition utility services, any post-petition delinquencies and unpaid security deposits. The claim payment will not change for the life of the plan. Should the utility file a motion requesting a payment change, the Debtor will be required to file an amended plan. These payments may not resolve all of the post-petition claims of the utility. The utility may require additional funds from the Debtor (s) after discharge.

**PAWB Local Form 10 (07/13)**                                                                          **Page 4 of 6**

| Name of Creditor | Monthly Payment | Post-petition Account Number |
|---|---|---|
| None | | |
| | | |

**15.   CLAIMS OF UNSECURED NONPRIORITY CREDITORS TO BE SPECIALLY CLASSIFIED.** If the following is intended to be treated as long term continuing debt treatment pursuant to Section 1322(b)(5) of the Bankruptcy Code, check here: ☐

| Name of Creditor | Principal Balance or Long Term Debt | Rate of Interest (0% if blank) | Monthly Payments | Arrears to be Cured | Interest Rate on Arrears |
|---|---|---|---|---|---|
| None | | | | | |

**16. CLAIMS OF GENERAL, NONPRIORITY UNSECURED CREDITORS**

Debtor(s) ESTIMATE that a total of $0 will be available for distribution to unsecured, non-priority creditors. Debtor(s) UNDERSTAND that a MINIMUM of $0 shall be paid to unsecured, non-priority creditors in order to comply with the liquidation alternative test for confirmation. The total pool of funds estimated above is NOT the MAXIMUM amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is 0%. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim. Creditors not specifically identified in Parts 1 - 15, above, are included in this class.

**GENERAL PRINCIPLES APPLICABLE TO ALL CHAPTER 13 PLANS**

       This is the voluntary Chapter 13 reorganization plan of the Debtor (s). The Debtor (s) understand and agree that the Chapter 13 plan may be extended as necessary by the Trustee, to not more than sixty (60) months, in order to insure that the goals of the plan have been achieved. Property of the estate shall not re-vest in the Debtor (s) until the bankruptcy case is closed.

       The Debtor (s) shall comply with the tax return filing requirements of Section 1308, prior to the Section 341 Meeting of Creditors, and shall provide the Trustee with documentation of such compliance at or before the time of the Section 341 Meeting of Creditors. Counsel for the Debtor(s), or Debtor (if not represented by counsel), shall provide the Trustee with the information needed for the Trustee to comply with the requirements of Section 1302 as to notification to be given to Domestic Support Obligation creditors, and Counsel for the Debtor(s), or Debtor (if pro se) shall provide the Trustee with the calculations relied upon by Counsel to determine the Debtor (s)' current monthly income and disposable income.

       As a condition to eligibility of the Debtor(s) to receive a discharge upon successful completion of the plan, Counsel for the debtor(s), or the debtor(s) if not represented by counsel, shall file with the Court Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) within forty-five (45) days after making the final plan payment.

       All pre-petition debts are paid through the Trustee. Additionally, ongoing payments for vehicles, mortgages and assumed leases are also paid through the Trustee, unless the Court orders otherwise.

       Percentage fees to the Trustee are paid on all distributions at the rate fixed by the United States Trustee. The Trustee has the discretion to adjust, interpret and implement the distribution schedule to carry out the plan. The Trustee shall follow this standard plan form sequence unless otherwise ordered by the Court.

The provisions for payment to secured, priority and specially classified creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004.  Proofs of claim by the Trustee will not be required.  The Clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim.  If the secured, priority or specially classified creditor files its own claim, then the creditor's claim shall govern, provided the Debtor (s) and Debtor (s)' counsel have been given notice and an opportunity to object. The Trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

**PAWB Local Form 10 (07/13)**                                                                                                                                  **Page 5 of 6**

Any Creditor whose secured claim is modified by the plan, or reduced by separate lien avoidance actions, shall retain its lien until the plan has been fully completed, or until it has been paid the full amount to which it is entitled under applicable non-bankruptcy law, whichever occurs earlier**.**  Upon payment in accordance with these terms and successful completion of the plan by the Debtor (s), the creditor shall promptly cause all mortgages and liens encumbering the collateral to be satisfied, discharged and released

Should a pre-petition Creditor file a claim asserting secured or priority status that is not provided for in the plan, then after notice to the Trustee, counsel of record,  (or the Debtor (s) in the event that they are not represented by counsel), the Trustee shall treat the claim as allowed unless the Debtor(s) successfully objects.

Both of the preceding provisions will also apply to allowed secured, priority and specially classified claims filed after the bar date. LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' COUNSEL OF RECORD (OR DEBTOR, IF PRO SE) WILL NOT BE PAID.  The responsibility for reviewing the claims and objecting where appropriate is placed on the Debtor.

**BY SIGNING THIS PLAN THE UNDERSIGNED, AS COUNSEL FOR THE DEBTOR(S), OR THE DEBTOR(S) IF NOT REPRESENTED BY COUNSEL, CERTIFY THAT I/WE HAVE REVIEWED ANY PRIOR CONFIRMED PLAN(S), ORDER(S) CONFIRMING PRIOR PLAN(S), PROOFS OF CLAIM FILED WITH THE COURT BY CREDITORS, AND ANY ORDERS OF COURT AFFECTING THE AMOUNT(S) OR TREATMENT OF ANY CREDITOR CLAIMS, AND EXCEPT AS MODIFIED HEREIN, THAT THIS PROPOSED PLAN CONFORMS TO AND IS CONSISTENT WITH ALL SUCH PRIOR PLANS, ORDERS AND CLAIMS.  FALSE CERTIFICATIONS SHALL SUBJECT THE SIGNATORIES TO SANCTIONS UNDER FED.R.BANK.P. 9011.**

Attorney Signature /s/ Joseph E. Fieschko Jr.
Attorney Name and Pa. ID #28797

Attorney Address and Phone Suite 2230, 436 Seventh Ave, Pittsburgh, PA 15219

Debtor Signature /s/ June Marie Bailey

Debtor Signature

PAWB Local Form 10 (07/13)             Page 6 of 6

CERTIFICATE OF SERVICE

I, Joseph E. Fieschko, Jr., of Fieschko and Associates, Inc., do hereby swear under penalty of perjury, that I have served a true and correct copy of the October 6, 2016 Amended Chapter 13 Plan, Notice of Proposed Modification and Order dated October 3, 2016 on the following by Electronic Filing and First Class Mail:

Electronic Filing:

Ronda J. Winnecour, Chapter 13 trustee
US Trustee's Office

First Class Mail:

A.R.M.
PO Box 3666
Camarillo, CA 93011

Agency Insurance Company
PO Box 8900
Elkridge, MD 21075

Aldous & Associates, PLLC
PO Box 171374
Salt Lake City, UT 84117

Ally
PO Box 380901
Minneapolis, MN 55438

Boswell Fire Dep. Ambulance
PO Box 816
Johnstown, PA 15907

Cambria Somerset Radiology
239 Main Street, Ste 400
Johnstown, PA 15901

CMC
2121 Noblestown Road
Pittsburgh, PA 15242

Conemaugh Memorial Medical Center
PO Box 643928
Pittsburgh, PA 15264

Conemaugh Physician Group
PO Box 644633

Pittsburgh, PA 15264

Direct TV
PO Box 11732
Newark, NJ 07101

Direct TV
PO Box 78626
Phoenix, AZ 85062

Forest B. Fordham, III
351 Budfield St.
Johnstown, PA 15904

Foundation Radiology Group
PO Box 49
Pittsburgh, PA 15230

Johnstown Hospitalists Service
1407 Eisenhower Blvd. Ste 104
Johnstown, PA 15904

Medical Associates of Boswell
430 Stoneycreek Street
Boswell, PA 15531

Nationstar
PO Box 650783
Dallas, TX 75265

Northwest Consumer Discount
PO Box 5487
Johnstown, PA 15904

PA Municipal Service
336 Delaware Avenue
Oakmont, PA 15139

Penelec
PO Box 16001
Reading, PA 19612

Penelec
PO Box 3687
Acosta, PA 15520

Pennsylvania Collection Service
PO Box 893
Washington, PA 15301

Somerset Anesthesia, Inc.
1699 Washington Rd. Ste 307
Pittsburgh, PA 15228-1000

Somerset Cardiology
329 S. Pleasant Avenue
Somerset, PA 15501

Somerset Hospital
225 S. Center Street
Somerset, PA 15501

Somerset Pulmonary Medicine
329 S. Pleasant Avenue
Somerset, PA 15501

Suburban Propane
PO Box J
Whippany, NJ 07981

The CBE Group
PO Box 2594
Waterloo, IA 50704

Verizon
PO box 25505
Lehigh Valley, PA 18002

Executed on: <u>October 6, 2016</u>         By:/s/<u>Joseph E. Fieschko, Jr.</u>
                                            Joseph E. Fieschko, Jr.