IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____
In Re:                                              :
                                                    :    Bankruptcy No. 16-70078JAD
**JUNE BAILEY,**                                    :
                                                    :    Related Dkt. No. 31
        *Debtor(s)*                                 :
_____:

ORDER CONVERTING CASE UNDER CHAPTER 13
TO CASE UNDER CHAPTER 7, SETTING DEADLINES,
SCHEDULING STATUS CONFERENCE, AND
<u>TERMINATING WAGE ATTACHMENT</u>

The debtor has filed a *Motion to Convert Case to Chapter 7* in accordance with *11 U.S.C. §1307(a)* converting this case to a case under chapter 7 of the Bankruptcy Code (title 11 of the United States Code).

It is **ORDERED, ADJUDGED,** and **DECREED** that:

(1)    Any party-in-interest that challenges the good faith of the conversion shall, on or before ***January 3, 2017***, file a motion setting forth the basis of the challenge and specifically identifying the relief requested in the event conversion is found not to have been made in good faith.

(2)    The wage attachment(s) issued in this case are immediately ***TERMINATED***. The Debtor shall serve a copy of this order on the employer(s).

(3)    ***No later than December 19, 2016,*** the Debtor shall file a schedule of all unpaid debts incurred after the commencement of the chapter 13 case and before conversion. *Bankruptcy Rule 1019(5)(B)(i)*.

(4)    ***No later than December 19, 2016,*** the Debtor shall file the statements and schedules required by *Bankruptcy Rules 1019(1)(A)* and *1007(b)*, if such documents have not already been filed.

(5)    ***No later than January 4, 2017,*** the Debtor shall file a statement of intention with respect to retention or surrender of estate property which secures a debt, as required by *11 U.S.C. §521(a)(2), Bankruptcy Rule 1019(1)(B)*, and conforming to *Official Form 108*.

{00019878}

(6) The chapter 13 trustee forthwith shall turn over to the chapter 7 trustee all records and property of the estate remaining in the chapter 13 trustee's custody and control, as required by *Bankruptcy Rule 1019(4)*, except that any remaining funds that do not constitute property of the chapter 7 estate shall be returned to the Debtor.

(7) ***Within 60 days*** of the date of this Order, the chapter 13 trustee shall file an accounting of all receipts and distributions made. Jurisdiction over the chapter 13 trustee's certification of disbursements of funds and final report and account remains assigned to the Honorable Jeffery A. Deller Bankruptcy Judge.

(8) *No later than January 4, 2017,* the Debtor shall, if the case is converted after the confirmation of a plan, file:

   (a) a schedule of all property not listed in the final report and account of the chapter 13 trustee which was acquired after the commencement of the chapter 13 case but before the entry of this conversion order, *Bankruptcy Rule 1019(5)(C)(i)*;

   (b) a schedule of unpaid debts not listed in the chapter 13 trustee's final report and account, *Bankruptcy Rule 1019(5)(C)(ii)*; and,

   (c) a schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 13 case but before the entry of this conversion order, *Bankruptcy Rule 1019(5)(C)(iii)*.

The schedule of claimants under (b) of this paragraph shall be filed by entering additional claimants into the CM/ECF system via "Creditor Maintenance." A list of said claimants shall be attached to the Bankruptcy Rule 1019 Report.

It is **FURTHER ORDERED** that if the Debtor fails to file the documents required by this Order and Bankruptcy Rule 1019 by the aforesaid dates, a status conference shall be held on **January 26 at 10:00 a .m.**, in **Courtroom B, First Floor Penn Traffic Building, 319 Washington Street, Johnstown, Pennsylvania 15901\***, to determine whether additional relief is necessary to compel compliance with the terms of this Order.

It is **FURTHER ORDERED** that the Clerk shall send the notice required by *Bankruptcy Rule 1019(6)*. If the reports and schedules per Paragraphs 3, 8(b) and 8(c) of this Order are filed in time for the Clerk to include post-petition creditors in the §341 notice mailing, the Clerk shall so include the post-petition creditors in that mailing. If said report and schedules are not filed in time for inclusion of the post-petition creditors in the §341 notice mailing, ***within ten (10) days of the filing of said report and schedules***, the Clerk shall send the notice required by *Bankruptcy Rule 1019(6)*.

{00019878}

It is **FURTHER ORDERED** that *within forty-five (45) days* of this Order, all chapter 13 fee petitions by any professional shall be self-scheduled and filed with the Clerk of the Bankruptcy Court. The fee petition shall be captioned "Chapter 13 Fee Petition in Converted Case" and the hearing shall be self-scheduled on Judge Deller's chapter 13 motions calendar.

It is **FURTHER ORDERED** that *within five (5) days* hereof Counsel for Debtor shall *IMMEDIATELY SERVE* a copy of this Order on all creditors in the above case and shall *file a Certificate of Service* with the Clerk of the Bankruptcy Court.

It is **FURTHER ORDERED** that the Court retains jurisdiction over the Chapter 13 Trustee's Report of Receipts and Disbursements and Final Report and Account. Upon submission of the UST Form 13-FR-S: Chapter 13 Trustee's Final Report and Account, the Chapter 13 Trustee is discharged from her duties in this case

Dated:   December 5, 2016

_jsf_

Jeffery A. Deller
United States Bankruptcy Judge

Case Administrator to serve:
    Ronda J. Winnecour, Esq.
    3250 U.S. Steel Tower
    Pittsburgh, PA 15219

    Debtor
    Counsel for Debtor
    Office of the U.S. Trustee

FILED
12/5/16 10:58 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

*
NOTE:  Video Conferencing equipment has been installed in Courtroom B in Johnstown, Pennsylvania and also in Courtroom D in Pittsburgh, Pennsylvania.  Counsel can appear before the Court in either location.

{00019878}

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
June Marie Bailey  
    Debtor

Case No. 16-70078-JAD  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0315-7     User: mgut     Page 1 of 1     Date Rcvd: Dec 05, 2016  
                    Form ID: pdf900     Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 07, 2016.  
db          +June Marie Bailey,    PO Box 154,    Acosta, PA 15520-0154  
             Ronda J. Winnecour, Esq.,    3250 U.S. Steel Tower,    Pittsburgh, PA   15219

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                           TOTAL: 0

            ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 07, 2016                                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 5, 2016 at the address(es) listed below:  
         Andrew F Gornall     on behalf of Creditor     U.S. National Bank Association et al...  
          agornall@goldbecklaw.com,    bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com  
         Joseph E. Fieschko, Jr.     on behalf of Debtor June Marie Bailey joe@fieschko.com,  
          rcfishko@aol.com  
         Joshua I. Goldman     on behalf of Creditor     U.S. National Bank Association et al...  
          bkgroup@kmllawgroup.com  
         Lisa M. Swope     lms@nsslawfirm.com,    klw@nsslawfirm.com;pa73@ecfcbis.com  
         Office of the United States Trustee     ustpregion03.pi.ecf@usdoj.gov  
         Ronda J. Winnecour     cmecf@chapter13trusteewdpa.com  
         S. James Wallace     on behalf of Creditor     Peoples Natural Gas Company, LLC sjw@sjwpgh.com,  
          srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com  
                                                                                                          TOTAL: 7